|  |  |
|---|---|
| **Presentment Date:** | **July 15, 2024 at 10:00 a.m.** |
| **Objections Due:** | **July 8, 2024 by 5:00 p.m.** |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re:                                                                  Chapter 7

MOHAMMED AZAD KHAN,                                 Case No: 23-73314 (AST)

        Debtor.
----------------------------------------------------------x

**NOTICE OF PRESENTMENT OF CHAPTER 7 TRUSTEE'S MOTION FOR ENTRY OF AN ORDER PURSUANT TO SECTIONS 105(a), 363 AND 704 OF THE BANKRUPTCY CODE AUTHORIZING AND APPROVING THE PRIVATE SALE OF THE REAL PROPERTY LOCATED AT 781 RUTGERS ROAD, FRANKLIN SQUARE, NEW YORK 11010, FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES AND SUBJECT TO HIGHER AND BETTER OFFERS AND GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE** that, on **July 15, 2024 at 10:00 a.m.**, the annexed motion ("Motion") of R. Kenneth Barnard, solely in his capacity as Chapter 7 Trustee ("Trustee") of the bankruptcy estate of Mohammad Azad Khan ("Debtor"), by his counsel, LaMonica Herbst & Maniscalco, LLP seeking the entry of an order, pursuant to §§105(a), 363 and 704 of Title 11 of the United States Code ("Bankruptcy Code") and Rules 2002, 6004 and 9006 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), authorizing and approving the private sale ("Sale") of the real property located at and identified as 781 Rutgers Road, Franklin Square, New York 11010 ("Property"), free and clear of all liens, claims and encumbrances ("Liens") which Liens, if any, shall attach to the net proceeds of Sale, subject to higher and better offers, to David Matthew Kelly, Jr. and Kaiya Lynn Provost (together, "Purchasers") for the sum of $788,000.00 pursuant to a certain Residential Contract of Sale, and granting related relief, will be presented to the Honorable Alan S. Trust, Chief United States Bankruptcy Judge, at the United States Bankruptcy Court for the Eastern District of New York, located at the Alfonse D'Amato Federal Courthouse, 290 Federal Plaza, Courtroom 960, Central Islip, New York 11722-2013.

**PLEASE TAKE FURTHER NOTICE** that objections ("Objections") to the relief requested in the Motion, if any, must be in writing, conform with the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, state with particularity the grounds therefor, and be filed with the Court, with a courtesy copy to the Chambers of the Honorable Alan S. Trust, Chief United States Bankruptcy Judge, and served upon, so as to be received by, LaMonica Herbst & Maniscalco, LLP, counsel to the Trustee, Attn: Melanie A. FitzGerald, no later than **5:00 p.m. on July 8, 2024** as follows: (i) through the Court's e-filing system (CM/ECF), which may be accessed through the internet at the Court's website at https://www.nyeb.uscourts.gov/, in portable document format (PDF) using Adobe Exchange Software for conversion; or (ii) if a party is unavailable to file electronically, such party shall submit the objection in PDF format on portable media in an envelope with the case name, case number, type and title of document, document number to which the objection refers and the file name on the outside of the envelope and delivered to the United States Bankruptcy Court, 290 Federal Plaza, Central Islip, New York 11722-2013.

**PLEASE TAKE FURTHER NOTICE that if an objection is timely filed to the relief requested in the Motion, or if the Court determines that a hearing is appropriate, the Court will schedule a hearing. Notice of such a hearing will be provided by the Trustee.**

Dated: June 28, 2024
       Wantagh, New York

                                                  **LAMONICA HERBST & MANISCALCO, LLP**
                                                  *Counsel to R. Kenneth Barnard, as Chapter 7 Trustee*

                             By:    *s/Melanie A. FitzGerald*
                                       Gary F. Herbst, Esq.
                                       Melanie A. FitzGerald, Esq.
                                       3305 Jerusalem Avenue, Suite 201
                                       Wantagh, New York 11793
                                       Telephone: (516) 826-6500

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                                                           Chapter 7

MOHAMMED AZAD KHAN,                                              Case No: 23-73314 (AST)

        Debtor.
------------------------------------------------------------x

**CHAPTER 7 TRUSTEE'S MOTION FOR ENTRY OF AN ORDER PURSUANT TO SECTIONS 105(a), 363 AND 704 OF THE BANKRUPTCY CODE AUTHORIZING AND APPROVING THE PRIVATE SALE OF THE REAL PROPERTY LOCATED AT 781 RUTGERS ROAD, FRANKLIN SQUARE, NEW YORK 11010, FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES AND SUBJECT TO HIGHER AND BETTER OFFERS AND GRANTING RELATED RELIEF**

**TO:**    **The Honorable Alan S. Trust**
         **Chief United States Bankruptcy Judge**
         **United States Bankruptcy Court**
         **Eastern District of New York:**

      R. Kenneth Barnard, solely in his capacity as Chapter 7 Trustee ("Trustee") of the bankruptcy estate of Mohammad Azad Khan ("Debtor"), by his undersigned counsel, submits this Motion ("Motion") seeking entry of an Order pursuant to §§105(a), 363 and 704 of Title 11 of the United States Code ("Bankruptcy Code") and Rules 2002, 6004 and 9006 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), seeking entry of an Order authorizing and approving the private sale ("Sale") of the real property located at and identified as 781 Rutgers Road, Franklin Square, New York 11010 ("Property"), free and clear of all liens, claims and encumbrances ("Liens") which Liens, if any, shall attach to the net proceeds of Sale, subject to higher and better offers, to David Matthew Kelly, Jr. and Kaiya Lynn Provost (together, "Purchasers") for the sum of $788,000.00 pursuant to a certain Residential Contract of Sale ("Contract of Sale"), subject to higher and better offers and granting related relief, and respectfully states as follows:

**JURISDICTION AND VENUE**

    1.    This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157

and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (N).

3. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory predicates for the relief sought in this Motion include §§ 105(a), 363 and 704 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004 and 9014.

## BACKGROUND

5. On September 7, 2023 ("Filing Date") the Debtor filed a voluntary petition ("Petition and Schedules") for relief pursuant to Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York ("Court"). See dkt. item 1.

6. R. Kenneth Barnard is the Chapter 7 Trustee of the Debtor's estate.

7. In his Petition and Schedules, the Debtor scheduled his 50% ownership interest in the Property along with his former spouse Shanieza Juman-Khan a/k/a Shanieza Juman ("Shanieza").

8. In the Petition and Schedules, the Debtor listed the fair market value of the Property as $789,000.00. See dkt item 1. On Schedule C of the Petition and Schedules, the Debtor claimed an exemption in the Property in the amount of $14,800.00 pursuant to § 522(d)(5) of the Bankruptcy Code. See id.

9. The Property is encumbered by a first mortgage ("Mortgage") held by Wells Fargo Bank, N.A. ("Wells Fargo"). Prior to the Filing Date, a foreclosure proceeding was commenced by Wells Fargo in the Supreme Court of the State of New York, County of Nassau.

10. As of January 17, 2024, Wells Fargo is owed approximately $631,512.96. See dkt item 30.

**The Agreement with Shanieza**

11. As of the Filing Date, the Property was jointly owned by the Debtor and Shanieza.

12. Shanieza holds judgment liens representing unpaid domestic support obligations against the Debtor's interest in the Property in the principal sum of $232,012.90 ("Shanieza's Judgment Liens").

13. On December 4, 2023, Shanieza filed a proof of claim on account of Shanieza's Judgment Liens asserting a priority and secured claim against the estate in the total amount of $265,974.60, assigned claim 8-1.

14. Shanieza informed the Trustee of her desire to sell her interest in the Property in order to realize the value of the remaining equity. To that end, the Trustee and Shanieza negotiated and entered into a stipulation providing for, inter alia, the consensual sale of the Property, a proposed distribution of the proceeds of sale from a sale of the Property and a carve-out to the estate ("Stipulation").

15. By motion dated January 12, 2024 ("9019 Motion"), the Trustee sought approval of the Stipulation pursuant to, inter alia, Bankruptcy Rule 9019(a). See dkt item 26. Wells Fargo submitted a Limited Response to the 9019 Motion. See dkt item 30.

16. A hearing on the 9019 Motion was conducted on June 18, 2024 ("Hearing"). At the Hearing, the Court approved the Stipulation and authorized the Trustee to proceed with a Sale of the Property pursuant to the Stipulation.

17. On June 27, 2024, this Court entered an Order granting the relief sought in the 9019 Motion and approving the terms and conditions of the Stipulation ("9019 Order"). See dkt item 38. A copy of the 9019 Order is annexed as Exhibit A.

18. Pursuant to the Stipulation, as approved by the 9019 Order, Shanieza agreed to a

carve-out from Shanieza's Judgment Liens of $45,000 for the estate ("Carve-Out Sum"), and waived any right to receive a priority distribution from the Carve-Out Sum. See Exhibit A ,38-1 at ¶3. Pursuant to the Stipulation, the proceeds of sale of the Property are to be disbursed by the Trustee as follows:

    a.    First, the Trustee will pay all mortgages, taxes, closing costs, broker commissions and any other cost necessary to close on the sale of the Property (collectively "Sale Costs");

    b.    Second, after payment of the Sale Costs, the Trustee will pay the 50% interest of co-owner Shanieza Juman within ten (10) business days upon the funds from the sale clearing the Trustee's account;

    c.    Third, the Carve-out Sum shall be retained by the Trustee, as property of the estate, to be disbursed in accordance with the priorities under the Bankruptcy Code;

    d.    Fourth, the Trustee shall pay Shanieza's Judgment Liens, in order of the priority established by the recording of each such lien and applicable law; and, if said liens are paid in full,

    e.    Fifth, to the Estate.

See id. at ¶4.

## RELIEF REQUESTED AND BASIS FOR RELIEF

19.    By this Motion, the Trustee seeks entry of an Order authorizing and approving the proposed private Sale of the Property to the Purchasers pursuant to the terms of the Contract of Sale and granting the Trustee such further relief as this Court deems proper.

20.    The Trustee has received an offer of $788,000.00 from David Matthew Kelly, Jr., and Kaiya Lynn Provost to purchase Shanieza and the estate's right title and interest in and to the Property. The Trustee seeks authorization to sell the Property, subject to all liens, claims and encumbrances and other interest, if any, subject to higher and better offers. The Contract of Sale has been executed by the Trustee, Shanieza and the Purchasers and a copy is annexed as Exhibit B.

4

21. The Trustee, Shanieza and the Purchasers have entered into the Contract of Sale, subject to approval by this Court. The Contract of Sale is made a part of and incorporated herein by reference. Reference is made to the Contract of Sale for its complete terms and conditions.

22. The Trustee seeks authorization to sell the Property, subject to all liens, claims and encumbrances and other interests, if any, and subject to higher and better offers. The proposed Sale is "as is" and "where is."

A. **The Contract of Sale Is In the Best Interests of the Estate and Should be Approved**.

23. The Trustee submits that the Contract of Sale is in the best interests of the Debtor's estate and should be approved.

24. The Contract of Sale was negotiated at arm's-length and the Trustee, Shanieza and the Purchasers were represented by counsel.

25. By Order dated April 12, 2024, the Court approved the Trustee's retention of Keller Williams Point North Realty as his real estate broker ("Broker") to market and sell the Property. See dkt item 35.

26. The Broker solicited offers for the Property and ultimately procured an offer from the Purchasers to purchase the Property for the Purchase Price.

27. The Trustee in his business judgment determined that a Sale for the proposed Purchase Price, together with the distribution of the Sale proceeds, approved by this Court, provides a substantial benefit to the estate and clearly justifies moving forward rapidly with the instant Sale as a private sale. Accordingly, the Trustee strongly submits that there is ample justification for the proposed private Sale.

28. The Trustee, in the exercise of his reasonable business judgment, recommends that the Court approve the Contract of Sale.

B.     **Approval of the Private Sale of the Property**

29.     Bankruptcy Code § 704(a)(1) provides that the Trustee shall "collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest." 11 U.S.C. § 704(a)(1).

30.     Here, after considering the Purchase Price, the cooperation of and the Carve-Out Sum provided by Shanieza, along with the current real estate market in Nassau County, the Trustee determined to monetize the instant offer and seek Court approval.

31.     Bankruptcy Code § 363 and Bankruptcy Rule 6004 govern the sale of assets outside of the ordinary course of a debtor's business. Bankruptcy Code § 363(b) provides, in relevant part, that "[t]he trustee, after notice and hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate . . . ." 11 U.S.C. § 363(b)(1). Under Bankruptcy Rule 6004(f)(1), a trustee is permitted to sell property of the estate pursuant to section 363(b) of the Bankruptcy Code by private sale or public auction. FED. R. BANKR. P. 6004(f)(1).

32.     In this instance, the Trustee used his sound business judgment to determine that the proposed Sale of the Property to the Purchasers pursuant to the Contract of Sale is in the best interests of the Debtor's estate and its creditors. The Trustee, with the assistance of his professionals, analyzed the value of the Property and examined the known liens against the Property. The Broker solicited offers for the Property and procured the offer from the Purchasers. The Trustee believes the offer from the Purchasers is a good one. The Trustee considered, <u>inter alia</u>, that the non-debtor co-owner Shanieza supports the proposed Sale, that the proposed Sale results in the prompt liquidation of the Property, and that the Purchasers appear ready, willing and able to close in accordance with the terms of the Contract of Sale. The Trustee concluded that, under the circumstances, the proposed Sale of the Property to the Purchasers maximizes the value

of the Property for the benefit of the Debtor's estate and all of its creditors.

33. Accordingly, the Trustee submits that the proposed Sale of the Property to the Purchasers pursuant to the Contract of Sale is a proper exercise of the Trustee's fiduciary responsibilities and a sound exercise of the Trustee's business judgment, which should be approved.

34. Although Bankruptcy Code § 363 does not set forth a standard for determining when it is appropriate for a court to authorize the sale or disposition of a debtor's assets, the Second Circuit, in applying this section, has required that it be based upon the sound business judgment of the trustee. See Motorola, Inc. v. Official Comm. of Unsecured Creditors (In re Iridium Operating LLC), 478 F.3d 452, 466 (2d Cir. 2007) (quoting Committee of Equity Security Holders v. Lionel Corp. (In re Lionel Corp.), 722 F.2d 1063, 1071 (2d Cir. 1983)); Official Comm. of Unsecured Creditors of LTV Aerospace & Defense Co. v. LTV Corp. (In re Chateaugay Corp.), 973 F.2d 141, 145 (2d Cir. 1993); Parker v. Motors Liquidation Co. (In re Motors Liquidation Co.), 430 B.R. 65, 83 (S.D.N.Y. 2010) ("The overriding consideration for approval of a Section 363 sale is whether a 'good business reason' has been articulated." (citations omitted)); In re Hirsch, 360 B.R. 43, 45-46, 48, 50 (Bankr. E.D.N.Y. 2007) (requiring "existence of 'a good business reason to grant such an application.'" (quoting In re Lionel Corp., 722 F.2d at 1071)).

35. In Lionel, the Second Circuit determined that a sale of assets could be approved if the trustee could demonstrate an "articulated business justification" for the sale. In re Lionel Corp., 722 F.2d at 1070. If a sound business justification exists, then a presumption attaches that the decision was informed, in good faith and in the honest belief that the action was in the best interests of the estate. In re Integrated Resources, Inc., 147 B.R. 650, 656 (S.D.N.Y. 1992).

36. The standard for approval of a sale of the real property under § 363 is easily met because a Chapter 7 trustee has a statutory duty to liquidate assets expeditiously. See 11 U.S.C. § 704(a)(1). Chapter 7 Trustees often exercise authority to sell debtors' assets. In re Stein, 281 B.R. 845, 848 (Bankr. S.D.N.Y. 2002) (discussing the chapter 7 trustee's right to sell the assets of the debtor under the Bankruptcy Code); In re Bakalis, 220 B.R. 525, 531-32 (Bankr. E.D.N.Y. 1998) (explaining the chapter 7 trustee's authority to conduct the sale of the debtor's assets).

37. In addition to requiring sound business reasons to approve a sale pursuant to Bankruptcy Code § 363(b), many courts have required a showing that the price to be obtained for assets be fair and reasonable, that the sale to the proposed purchaser was negotiated in good faith, and that it does not unfairly benefit insiders, the purchaser, or a certain creditor or class of creditors. See, e.g., In re Channel One Communications, 117 B.R. 493, 494-97 (Bankr. E.D. Mo 1990); In re Indus. Valley Refrig. & Air Cond. Supplies, Inc., 77 B.R. 15 (Bankr. E.D. Pa. 1987).

38. The Trustee submits that, under the circumstances of this case, proceeding with the proposed Sale of the Property to the Purchasers for the Purchase Price is in the best interests of the estate and its creditors. The proposed private Sale of the Property to the Purchasers ensures that the Property will be efficiently liquidated. The proposed Sale avoids additional administrative costs and expenses, including but not limited to continuing accrued interest to Wells Fargo, that will be incurred with prolonged or alternative marketing efforts.

39. Here, sound business reasons exist to justify the proposed Sale of the Property to the Purchasers for the Purchase Price in accordance with the Contract of Sale. The Trustee believes that approval of the terms of the Contract of Sale will provide for a prompt sale of the Property and in conjunction with the Carve-Out Sum, will provide a distribution to the Debtor's creditors.

40. For these reasons, the Trustee determined in his business judgment that it was prudent to proceed with the private sale of the Property to the Purchasers pursuant to the Contract of Sale.

C. **The Property Should Be Sold Free and Clear of Liens, Claims and Encumbrances**

41. Under Bankruptcy Code § 363(f), the Trustee may sell property of the estate free and clear of any interest in such property of an entity other than the estate, only if—

> (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
>
> (2) such entity consents;
>
> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>
> (4) such interest is in bona fide dispute; or
>
> (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f)

42. Accordingly, a trustee may sell property of a bankruptcy estate outside the ordinary court of business if one of the five conditions under § 363(f) is satisfied. See In re Grubb & Ellis Co., Case No. 12-10685 (MG), 2012 Bankr. LEXIS 1279, at *31 (Bankr. S.D.N.Y. Mar. 27, 2012) (discussing Bankruptcy Code § 363(f)); In re Borders Group, Inc., 453 B.R. 477, 483–84 (Bankr. S.D.N.Y. 2011) (discussing Bankruptcy Code § 363(f)).

43. In order to satisfy the requirements of § 363(f)(3), "'the price must be equal to or greater than the aggregate *value* of the liens asserted against it, not their *amount*.'" Boston Generating, LLC, et al., 440 B.R. at 332, quoting In re Beker Industries Corp., 63 B.R. 474, 476 (Bankr. S.D.N.Y. 1986). Further, "[t]he 'value' of a lien is to be determined by reference to section 506(a) – that is, it is the amount by which the lienholder's claim is actually secured." Boston

Generating, LLC, et al., 440 B.R. at 332 (citations omitted).

44. In this case: (a) the Mortgage encumbers the interests of both the Debtor and Shanieza in the Property, and will be satisfied from the proceeds of Sale; and (b) the Debtor's interest in the Property is encumbered by Shanieza's Judgment Liens; and (c) Shanieza has consented to the proposed private Sale. Based on the foregoing, the requirements of § 363(f) are satisfied.

D. **Purchasers Should Be Afforded Good Faith Status Under Section 363(m) of the Bankruptcy Code**

45. Section 363(m) of the Bankruptcy Code affords protection to a good faith purchaser in any interest in property purchased from an estate, whether the sale conducted is later reversed or modified on appeal. Specifically, § 363(m) provides as follows:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m). See Allstate Ins. Co. v. Hughes, 174 B.R. 884, 888 (Bankr. S.D.N.Y. 1994) ("Section 363(m) . . . provides that good faith transfers of property will not be affected by the reversal or modification on appeal of an unstayed order, whether or not the transferee knew of the pendency of the appeal."); In re Stein & Day, Inc., 113 B.R. 157, 162 (Bankr. S.D.N.Y. 1990) ("good faith purchasers are protected from the reversal of a sale on appeal unless there is a stay pending appeal").

46. Although the Bankruptcy Code does not define good faith, the Second Circuit Court of Appeals has provided the following definition of good faith in the context of sales under Bankruptcy Code § 363:

> Good faith of a purchaser is shown by the integrity of his conduct during the course of the sale proceedings; where there is a lack of such integrity, a good faith finding may not be made. A purchaser's good faith is lost by fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders. . . .
>
> As just defined, the good-faith analysis is focused on the purchaser's conduct in the course of the bankruptcy proceedings.

Licensing by Paolo v. Sinatra (In re Gucci), 126 F.3d 380, 390 (2d Cir. 1997) (quotations and citations omitted); see In re Motors Liquidation, 430 B.R. at 78 (relying on Gucci definition of good faith in this context).

47. The United States Court of Appeals for the Second Circuit has held that a party would have to show fraud or collusion between a buyer and the debtor-in-possession or trustee in order to demonstrate a lack of good faith. See Kabro Assocs. of West Islip, LLC v. Colony Hill Assocs. (In re Colony Hill Assocs.), 111 F.3d 269, 276 (2d Cir. 1997) (citations omitted) ("[t]ypically the misconduct that would destroy a purchaser's good faith status at a judicial sale involves fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders."). See also In re Bakalis, 220 B.R. 525, 537 (Bankr. E.D.N.Y. 1998).

48. Here, the Trustee and the Purchasers are represented by separate counsel. The Trustee submits that, at all times, the negotiations with Purchasers have been conducted in good faith and at arm's length. The Trustee and his counsel have no connection to the Purchasers and there is nothing at all to suggest bad faith or collusion.

49. Accordingly, the Trustee submits that the Purchasers are entitled to the protections of a good faith purchaser under Bankruptcy Code § 363(m).

E.   **Proposed Distributions of Sale Proceeds at Closing**

50. Pursuant to the 9019 Order, the Trustee has been authorized and will distribute the

proceeds of Sale once the funds have cleared the Trustee's account and will pay such closing costs as are necessary, appropriate, and customary to consummate the Sale of the Property to the Purchasers. See dkt item 38.

51. Additionally, after closing on the Sale of the Property and once the funds have cleared the Trustee's account, the Trustee will distribute the Sale proceeds to Shanieza as provided for in the 9019 Order and will pay Wells Fargo on account of its Mortgage.

52. The proposed private Sale of the Property, the proposed distribution of the Sale proceeds and the Carve-Out Sum as provided for in the 9019 Order will result in the availability of funds for use in the Debtor's bankruptcy case.

### F. Waiver of 14-Day Stay Under Bankruptcy Rule 6004(h)

53. Bankruptcy Rule 6006(h) provides that, unless the Court orders otherwise, all orders authorizing the sale of property pursuant to Bankruptcy Code § 363 are automatically stayed until the expiration of fourteen (14) days after entry of the order. FED. R. BANKR. P. 6004(h).

54. The Contract of Sale provides that time is of the essence with respect to moving forward to closing and consummating this Sale. The Purchasers' offer was conditioned upon the Trustee's seeking approval of the Contract of Sale. Moreover, as set forth in the 9019 Order, the Trustee has been authorized to move forward with a sale motion to approve the terms of the Contract of Sale on shortened notice and by Notice of Presentment on no less than 14 days' notice. See Exhibit A, 9019 Order. Accordingly, should this Court enter an order authorizing this Sale, the Trustee requests that such order waive the stay under Bankruptcy Rule 6004(h).

## NOTICE AND NO PRIOR REQUEST

55. Notice of this Motion and the exhibits upon which it is based will be provided by first class mail to: (a) the Debtor and his counsel of record; (b) Shanieza, through her counsel; (c) Purchasers, through their counsel; (d) the United States Trustee; (e) all parties who filed a notice of appearance in this case; (f) all known creditors of the Debtor's estate; (g) all known parties with an interest in the Property; and (h) applicable taxing authorities. The Trustee submits that such notice complies with Bankruptcy Rule 2002(a)(2) and that no further notice if required.

56. No previous request for the relief sought herein has been made to this or any other Court.

Dated: June 28, 2024
      Wantagh, New York

                            **LaMONICA HERBST & MANISCALCO, LLP**
                            *Counsel to R. Kenneth Barnard, as Chapter 7 Trustee*

By:    *s/Melanie A. FitzGerald*
         Gary F. Herbst, Esq.
         Melanie A. FitzGerald, Esq.
         3305 Jerusalem Avenue, Suite 201
         Wantagh, New York 11793
         Telephone: (516) 826-6500